Coffin *v.* Ewer & another.

THOMAS COFFIN *vs.* PETER F. EWER & another.

A judgment debtor, who is arrested on execution, and voluntarily permitted by the officer to escape, and is afterwards arrested by the officer and committed to jail on the same execution, cannot maintain a writ of *audita querela* against the officer to recover damages for the false imprisonment.

WRIT of *audita querela* against Peter F. Ewer and Uriah Gardner. The declaration alleged that said Ewer recovered judgment against the plaintiff (Coffin) and two others, at the court of common pleas in Bristol county, December 1838, for $782·52 damages, and for costs of suit, on which judgment an alias execution issued, July 2d 1839, in due form of law, and, on the 14th of August following, was put into the hands of said Gardner, then a deputy of the sheriff of Nantucket, for service ; that said Gardner, on the day last mentioned, did arrest, take and imprison the plaintiff, by virtue of said execution, and on the same day, then having the plaintiff in his custody, so as aforesaid, at Nantucket, voluntarily permitted the plaintiff to escape and go at large ; whereby the plaintiff did then and there escape and go at large ; that the said Gardner, thereafter, on

the 15th of said August; while the plaintiff was so at large as aforesaid, did again arrest, take and imprison the plaintiff, avowedly by virtue of said execution, and, under color and pretence of the authority of said execution, did beat, wound and ill treat the plaintiff, and him unlawfully and against his will, and without any legal warrant or authority, or any justifiable or reasonable cause, did imprison, and detain so imprisoned, from the said 15th of August 1839, to the day of the date of this writ, viz., December 6th 1839; of which said imprisonment and detention, under color of said execution, said Ewer was well knowing, and consented thereto, and refused to deliver the plaintiff therefrom : Wherefore the plaintiff prayed that he might be delivered from said imprisonment, made under color and pretence of said execution, and that no further proceedings might be had thereon ; that said Ewer might be barred from having any execution against the plaintiff, upon the judgment aforesaid ; and that his damages, by reason of said beating, ill treatment and imprisonment, might be adjudged to him.   *Ad damnum* $2000.

The trial was had at the November term 1841, before *Dewey*, J. who ruled that this writ of *audita querela* was not the proper form of action to be instituted against Gardner, to recover damages for the illegal acts alleged in the declaration, and that although the allegations in the declaration should be proved, the action could not be maintained against him.   The judge further ruled, that this was a proper form of action against Ewer, and that, upon sufficient and proper evidence, the plaintiff would be entitled to set aside the proceedings on the execution, and to recover damages ; and that the action might properly proceed against him.

The plaintiff then introduced his evidence, for the purpose of charging Ewer ; but the jury returned a general verdict for both defendants.   It appeared, on the trial, that the plaintiff was committed to the jail in Nantucket, upon the execution aforesaid, on the 15th of August 1839, and that he was discharged therefrom on the 12th of December following — six days after the date of the writ in this action.

The plaintiff excepted to the ruling as to Gardner's liability in this form of action.

*Eddy & Eliot*, for the plaintiff. The writ of *audita querela* is in the nature of a bill in equity, and is not, technically, an action. *Lovejoy* v. *Webber*, 10 Mass. 103. 3 Bl. Com. 406. *Leake* v. *Dawes*, March, 69. 2 Saund. 148, *note* (1.) *Waddington* v. *Vredenbergh*, 2 Johns. Cas. 227. Ewer, therefore, was made a party, not because he was supposed to be liable to damages, but because he had such an interest as would require him to be made a party to a bill in equity.

Gardner is liable to the plaintiff, in this form of proceeding, on proof of the facts alleged against him. Mo. 57, pl. 163. *Rigeway's case*, 3 Co. 52 *b*. *Walker* v. *Alder*, Style, 117.

This process lies, although the plaintiff might maintain trespass, at his election. *Brackett* v. *Winslow*, 17 Mass. 158.

*Coffin, contra.*

DEWEY, J. The writ of *audita querela* is of a remedial nature, and is said to have been invented principally to relieve a party who has a good defence, but is too late to make it in the ordinary form of proceeding. 3 Bl. Com. 405. Com. Dig. Audita Querela, A. It is also said, that the practice of the courts, in granting summary relief on motion, in most cases proper for proceeding by *audita querela*, has almost rendered it useless and unnecessary in modern times. 2 Saund. 148 *c*, *note*. Such being the case, it is not strange that we find comparatively so little learning on the subject, in recent works, or meet with but few modern decisions on the appropriate office of this writ, or who are properly made parties to a suit of this nature. In Massachusetts, this form of proceeding still remains in practice, and has the direct sanction of legislative authority. Rev. Sts. *c.* 112. But though recognized by our statutes, as an existing legal remedy, we are left to look elsewhere for the cases in which it is an appropriate remedy, as well as for the rules of law as to parties.

From the nature of the writ, and its ordinary purpose, it indicates a proceeding in a case which has been the subject of a judicial decision, or judgment in a court of law, and where the defendant in the original suit will be unjustly deprived of his rights, if the judgment or execution (as the case may be,) is

allowed to be treated as valid. It was, by common law, and is also by statute, a local action, when brought to set aside a judgment or vacate an execution ; being required to be brought in the same court in which the judgment was rendered ; thus resembling a proceeding by writ of *scire facias*. There is a provision for a bond to be given by the debtor, in case of release from imprisonment under the process, to the party defendant ; and this seems to assume, or strongly to indicate, that the person who is the defendant in this writ is none other than the creditor himself. And practically it will be found, almost without exception, that the writ of *audita querela* has been instituted by the judgment debtor against the creditor, and against him alone ; and this has been the usual form, where the party was actually imprisoned on execution. The cases in Massachusetts, so far as reported, are all between these parties exclusively. I am not aware of any reported case in the courts of any State in the Union, where the same is not the fact. The English cases are very few, if any can be found besides the single case reported in Mo. 57, where this process has been instituted against the officer who levied the execution.

We do not, however, find it necessary to express an opinion whether this process may not, under any circumstances, lie against the officer ; as, for instance, against an officer having the judgment debtor in his actual custody, and where the debtor seeks immediate relief from such custody, he not having been committed to prison. The present is not such a case. The declaration states a recovery of a judgment by Ewer, an execution issued thereon, a service of the execution by Gardner, the deputy sheriff, on the fourteenth day of August, by arrest of the plaintiff, and a commitment, on the next day, to the county jail. After the commitment, the party was in the custody, not of the deputy sheriff who served the execution, but of the jailer, and thus remained until after the 6th of December following, when he sued out the present writ of *audita querela*. It will be perceived that nearly four months had elapsed from the time of his com mitment to jail. With his commitment, all the deputy sheriff's authority over him ceased, and he had neither the power of con-

tinuing the imprisonment, nor of discharging the debtor therefrom. Clearly therefore the proceeding by *audita querela*, in the present instance, against the officer, cannot have its foundation in the fact that the debtor was in the custody of the officer, and that the object of the process, as against him, was to obtain relief from an unlawful imprisonment. As respects the officer, the process cannot be sustained on this ground. It is, as respects him, to all purposes a mere action to recover damages for trespass and false imprisonment. The ordinary remedy for such grievance was open to the debtor, and there was no necessity of resorting to this peculiar process merely to obtain satisfaction for an illegal arrest and imprisonment. If, however, the law has given the party this additional remedy, we admit that the fact of his having another mode of redress would be of no moment, and the party might take his election which remedy he would pursue.

It seems to us, that in the absence of any direct authority resulting from adjudicated cases upon a state of facts like the present, we are to look at the objects and purposes of this peculiar process ; and believing its leading purposes are to set aside and annul a judgment improperly obtained through the fraud and deceit of the creditor ; or where the debtor had no opportunity to interpose matter relied on in avoidance ; or where an execution has been issued, and the object is to release a party from an illegal imprisonment on such execution ; we do not think it ought to be extended to embrace a mere case of damages against one who is not a party to the original suit, and does not hold or claim to hold the debtor in his custody, or under his control, at the time of suing out the *audita querela*.

The court are therefore of opinion, that upon the facts set forth in the declaration, and in the report of this case, Gardner the deputy sheriff was not properly joined as a party to this suit, and that the plaintiff is not, in this action, entitled to recover damages against him for the alleged illegal arrest and false imprisonment.